573 So.2d 205 (1991)
Alan L. GRAY and Daisy Gray, Appellants,
v.
PURCHASE CORPORATION, As Servicing Agent for Hancock Bank, Trustee, Appellees.
No. 90-1569.
District Court of Appeal of Florida, First District.
January 25, 1991.
Mark Evan Frederick, Destin, for appellants.
Sally C. Bussell of Harrell, Wiltshire, Swearengin, Wilson & Harrell, P.A., Pensacola, for appellees.

CORRECTED OPINION
The court, on its own motion, hereby withdraws the opinion filed on December 26, 1990, and substitutes the following corrected opinion.
ZEHMER, Judge.
In this foreclosure action, Alan L. Gray and Daisy Gray appeal the final judgment for Purchase Corporation on its application for a deficiency judgment, and the order denying their motion for rehearing. We affirm, holding that the Grays failed to properly create any disputed issues of material fact that would preclude the court from granting Purchase's motion for summary judgment.
On June 6, 1989, Purchase filed suit against the Grays and Sandpiper Cove Condominium Association, Inc., to enforce a note and foreclose a mortgage encumbering certain real property. The Grays filed their answer to the complaint on July 6, 1989, admitting some and denying other specific allegations. On July 12, 1989, Purchase filed a motion for default as to Sandpiper and a motion for summary final judgment of foreclosure. The trial court entered a default against Sandpiper for failure to timely answer the complaint or serve any other papers. On August 16, 1989, the trial court entered a final judgment of foreclosure. The property was thereafter sold, and Purchase then filed a motion for deficiency judgment against the Grays. On November 22, 1989, the Grays filed a response to Purchase's motion in which they merely denied all allegations and requested *206 the court to deny any deficiency judgment. On December 11, 1989, Purchase filed a motion for "summary final deficiency judgment" and affidavits in support of its motion for deficiency. On January 12, 1990, the Grays filed an amended response to the motion for deficiency judgment, raising for the first time the defenses of equitable estoppel and unclean hands. They filed no affidavits or other proof controverting the facts set forth in the affidavits filed by Purchase. On February 2, 1990, the lower court entered a deficiency judgment for Purchase and ordered the Grays to pay Purchase a total of $31,187.29, including principal, interest, costs, and attorney's fees. The Grays filed a motion for rehearing, which was denied.
The Grays now appeal the deficiency judgment and the order denying rehearing. They contend that the lower court abused its discretion in entering summary judgment on the motion for deficiency because (1) there were genuine issues of fact raised in their response to Purchase's motion for deficiency judgment, and (2) it was not necessary that they file any contradictory affidavits in support of these defenses. We disagree.
Pertinent to the resolution of these issues is Florida Rule of Civil Procedure 1.190(a), which provides:
A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party.
Long after the Grays filed their initial answer and their response to Purchase's motion for summary judgment on the application for deficiency, the Grays attempted to file an amended response, raising for the first time defenses of estoppel and unclean hands. This response was filed without requesting and obtaining leave of court or the written consent of the adverse party, as required by rule 1.190(a). Because the Grays obtained neither leave of court nor Purchase's written consent prior to filing the amended response, the defenses therein attempted to be raised were not properly pleaded before the lower court. See Freeman v. Mintz, 523 So.2d 606, 609 (Fla. 3d DCA), cause dismissed, 528 So.2d 1182 (Fla.), appeal dismissed, 534 So.2d 400 (Fla.), rev. denied sub nom. Caldwell Banker-Klock v. Freeman, 534 So.2d 398 (Fla. 1988) (where plaintiff filed a third amended complaint without obtaining leave of court or consent of the adverse party, trial court acted properly in striking the third amended complaint). Even though it has been held that the doctrine of clean hands need not be pleaded where the evidence discloses its applicability, since a court of equity can apply the maxim on its own motion, nevertheless the defendant must establish its application by the evidence. 22 Fla.Jur.2d, Equity § 53 (1980). The Grays did not establish the application of this maxim by the evidence in this case. The Grays did not file any affidavits or other competent evidence controverting the material facts upon which the trial court entered the deficiency judgment and thereby place any material fact in dispute. Thus, it was not error to dispose of the case on summary judgment based on the lack of any dispute in the material facts. In Latour Auto Sales, Inc. v. Stromberg-Carlson Leasing Corp., 335 So.2d 600, 601 (Fla. 3d DCA 1976), the court held:
On motion for summary judgment, if the movant sustains his initial burden of proof, the opponent then has the burden of coming forward with evidence establishing genuine material factual issues. Where as here the opponent fails to come forward with any affidavit or other proof in opposition to the motion for summary judgment, the movant need only establish a prima facie case, whereupon the court may enter its summary judgment.
The judgment and order herein appealed are AFFIRMED.
SMITH and NIMMONS, JJ., concur.