710 So.2d 654 (1998)
Denise O'DONOVAN a/k/a Dennise O'Donovan, Appellant,
v.
CITIBANK, FSB f/k/a Citicorp Savings of Florida, a Federal Savings and Loan Association, Appellee.
No. 97-2863.
District Court of Appeal of Florida, Third District.
April 22, 1998.
Rehearing Denied June 3, 1998.
*655 Catlin, Saxon, Tuttle & Evans, P.A., and Michael A. Furshman, and William M. Tuttle, II, Miami, for appellant.
Law Office of David J. Stern, P.A., and Donna S. Glick, and Forrest G. McSurdy, Plantation, for appellee.
Before LEVY, GERSTEN and GREEN, JJ.
PER CURIAM.
This is an appeal from a final summary judgment entered in a two-count complaint for the foreclosure on a mortgage and reestablishment of the lost promissory note which was encumbered by the mortgage. We affirm the summary judgment as to the foreclosure action in count one where the record before us is devoid of any genuine issue of material fact for trial, see Carbonell v. BellSouth Telecommunications, Inc., 675 So.2d 705, 706 (Fla. 3d DCA 1996); Gray v. Purchase Corporation, 573 So.2d 205, 206 (Fla. 1st DCA 1991), and we direct the lower court to reset a sale date.
We do reverse, however, the entry of summary judgment as to count two for the reestablishment of the promissory note. Upon the commendable and appropriate confession of error of the appellee, summary judgment was improvidently entered on this count where the appellee was unable to supply a substantial copy of the lost promissory note to prove its essential terms as is generally required by section 71.011(5), Florida Statutes (1997).[1] Whether the appellee's proffered proof of the note's essential terms was adequate for its reestablishment is a matter for determination by the trier of fact and should not be decided as a matter of law. See Gutierrez v. Bermudez, 540 So.2d 888, 891 (Fla. 5th DCA 1989). We therefore remand this count for trial.
Affirmed in part and reversed in part.
NOTES
[1] This section provides:

(5) COMPLAINT.A person desiring to establish any paper, record or file, except when otherwise provided, shall file a complaint in chancery setting forth that the paper, record or file has been lost or destroyed and is not in the custody or control of the petitioner, the time and manner of loss or destruction, that a copy attached is a substantial copy of that lost or destroyed, that the persons named in the complaint are the only persons known to plaintiff who are interested for or against such reestablishment.