PER CURIAM.
American Airlines, the shipper, appeals from an order of summary judgment in an action for damages. We affirm.
Sara Lee Knit Products produces fabric and trim supplies for the assembly of clothing. Sara Lee contracted with Amer *811 ican Airlines to ship multiple containers of those supplies to Montego Bay, Jamaica, for assembly. The goods were delivered to American Airlines; at some point after their delivery to the airline, but before their arrival in Montego Bay, the goods were left unprotected from heavy, rain. When the goods arrived in Montego Bay some had to be placed in large plastic bags because the crates in which they had been packed had fallen apart. The goods themselves were wet, discolored, and unusable; most were destroyed before they arrived at the assembly plant.
Sara Lee and its insurer sued American Airlines for damages arising from the delivery of the ruined goods, and the failure to deliver other goods shipped. Following its review of the documentary evidence of the transaction and deposition transcripts, the trial court entered summary judgment for Sara Lee and its insurer for $134,-143.97, including prejudgment interest. American Airlines had rejected Sara Lee’s offer of judgment of $77,900.00 made pursuant to section 768.79, Florida Statutes. The trial court granted the motion for fees and awarded Sara Lee and its insurer $23,107.40.
All parties agree that this transaction is governed by the terms of the Convention for Unification of Certain Rules Relating to International Transportation by Air, 49 App.U.S.C. § 1502 (1934), commonly known as the Warsaw Convention. Under the relevant terms of that Convention and upon the record in this case, we find no error in the trial court’s entry of summary judgment and its award of damages. See O’Donovan v. Citibank, FSB, 710 So.2d 654 (Fla. 3d DCA 1998) (holding that order of summary judgment will be affirmed where record is devoid of any genuine issue of material fact).
We also affirm the award of attorney’s fees. Attorney’s fees awarded under a state statute in connection with a case brought under the Warsaw Convention are limited by the terms of that convention. The Convention is silent on the issue of attorney’s fees. That silence, however, does not foreclose all state claims. “The majority view in the Southern District of Florida is that the convention does not preempt state causes of action, but that it prescribes the exclusive remedy.” Corio Bros. Inv. Corp. v. Fast Air Carrier, S. A., 24 Avi. L. Rep. 17,719 at 17,720 (CCH) (S.D.Fla.1993). Therefore, fees under a state statute may be awarded if, considered with the award of damages, the entire amount does not exceed the damages limitation imposed by the Warsaw Convention. Id. at 17,722 (in action brought under Warsaw Convention, claim for attorney’s fees under Florida Statute 57.105 could not exceed the damages limitation imposed by the Warsaw Convention). But cf. Boehringer-Mannheim Diagnostics, Inc. v. Pan American World Airways, Inc., 737 F.2d 456 (5th Cir.1984) (holding that when the United States became a signatory to the Warsaw Convention, the Convention preempted state law in the areas covered, and provided the exclusive remedies for actions in those areas; attorney’s fees otherwise recoverable under Texas state law were not allowable in a case brought pursuant to the Convention).
The record that supports the order of summary judgment on damages establishes that the total award of damages plus attorney’s fees does not exceed the maximum recovery allowed by the Convention in this action.[1]
AFFIRMED.

. The trial court entered summary judgment in the amount of $134,143.97 on the claim for damages, based upon the plaintiffs' claim of a total loss of 142 packages that weighed 26,- *812 145 pounds. The claim for costs and fees brings the total award to $159,266.24, which is within the Convention's limitation of $9.07 per pound.