767 So.2d 549 (2000)
NATIONAL LOAN INVESTORS, L.P., Appellant,
v.
JOYMAR ASSOCIATES, et al., Appellees.
No. 3D99-2418.
District Court of Appeal of Florida, Third District.
August 23, 2000.
*550 Foley & Lardner, and John R. Hamilton, and James S. Grodin, and Jason A. Rosenthal, Orlando, for appellant.
Kluger, Peretz, Kaplan & Berlin, and Jon Chassen, Miami, for appellees.
Before GERSTEN, and RAMIREZ, JJ., and NESBITT, Senior Judge.
PER CURIAM.
National Loan Investors ("NLI"), appeals a final order dismissing its third amended complaint with prejudice contending that it should have been allowed to amend the complaint or, alternatively, dismissal should have been without prejudice. We reverse.
Appellee, Joymar Associates ("Joymar"), executed a promissory note and mortgage in favor of Dominion Mortgage Center, Inc. Subsequently, an assignee of the note, State Street Bank & Trust Co. ("State Street"), sought foreclosure on the mortgage. In its complaint, State Street alleged that it was the owner and holder of the various loan documents. Joymar, meanwhile, denied this allegation.
Thereafter, pending litigation, State Street assigned the loan documents to the Federal Deposit Insurance Corporation ("FDIC")(acting not as a receiver, but in its corporate capacity). FDIC, in turn, executed a document which assigned to NLI all of FDIC's rights, title and interest in and to the loan documents originally executed by Joymar. This document also indicated that the loan documents were transferred to NLI without recourse, representation or an express or implied warranty.
After the loan documents were assigned to NLI, NLI filed an amended complaint which included a count for the reestablishment of a lost note and mortgage. NLI also pleaded that it did not know the exact time and manner of the loss or destruction of the note or mortgage.
As an affirmative defense, Joymar asserted that NLI did not possess the loan documents because NLI's assignor, FDIC, never possessed the loan documents. Therefore, FDIC had no ability to assign non-possessed documents to NLI.
*551 At the hearing on Joymar's motion to dismiss the third amended complaint, Joymar asserted that NLI's complaint failed to allege that any entity ever had possession of the original loan documents or that NLI knew the time and manner of their loss. In response, NLI sought leave to amend again which was denied. The lower court dismissed the complaint with prejudice, thereby precluding NLI from taking any further action in this case. NLI appeals this order.
In a mortgage foreclosure action, a lender is required to either present the original promissory note or give a satisfactory explanation for the lender's failure to present it prior to it being enforced. See Downing v. First National Bank of Lake City, 81 So.2d 486 (Fla.1955); Figueredo v. Bank Espirito Santo, 537 So.2d 1113 (Fla. 3d DCA 1989); Pastore-Borroto Development, Inc. v. Marevista Apartments, M.B., Inc., 596 So.2d 526 (Fla. 3d DCA 1992). A limited exception applies for lost, destroyed, or stolen instruments, where it is shown that "the person was in possession of the instrument and entitled to enforce it when loss of possession occurred." § 673.3091, Fla. Stat. (1999).
We see no reason why this right of enforcement cannot be assigned when recognizing such a right would prevent defendants in foreclosure actions from receiving a windfall. See Beal Bank S.S.B. v. Caddo Parish-Villas South, Ltd., 218 B.R. 851 (N.D.Tex.1998)(interpreting Louisiana's version of the UCC as codified in La. UCC § 3-309(a)). See also, Southeast Investments Inc. v. Clade, 1999 WL 476865 (N.D.Tex.1999)(interpreting Tex. Bus. & Comm.Code § 3-309), aff'd. 212 F.3d 595 (5th Cir.2000). Although NLI failed to allege that it was ever in possession of the note or that it was entitled to enforce the note when it was lost, it is well-settled that even where an opportunity to amend has been previously granted, it is an abuse of discretion to dismiss a complaint with prejudice where the complaint can be amended to state a cause of action and the privilege to amend has not been abused. See Kovach v. McLellan, 564 So.2d 274, 276 (Fla. 5th DCA 1990); See also Winselmann v. Reynolds, 690 So.2d 1325 (Fla. 3d DCA 1997); Delia & Wilson, Inc. v. Wilson, 448 So.2d 621 (Fla. 4th DCA 1984).
Because a cause of action may be stated through proof of an assignable right of enforcement, the trial court erred in dismissing the complaint with prejudice.
Reversed.