825 So.2d 428 (2002)
Alma Jeanne SLIZYK, individually and as Trustee for Christopher S. Slizyk and Tiffany S. Slizyk, Appellant,
v.
Steven A. SMILACK, Appellee.
No. 4D00-1510.
District Court of Appeal of Florida, Fourth District.
June 26, 2002.
Rehearing Denied August 6, 2002.
*429 Alma Jeanne Slizyk, New Smyrna Beach, pro se.
Steven A. Smilack, Fort Lauderdale, pro se.

ON MOTION FOR REHEARING
WARNER, J.
We deny the motion for rehearing but withdraw our previously issued opinion and substitute the following in its place.
Appellant claims that the court erred in entering a final judgment of foreclosure on real property where appellee did not produce the original note and mortgage and did not comply with section 673.3091, Florida Statutes (1997), concerning lost instruments. We conclude that appellee was entitled to foreclose despite his inability to produce the original documents.
When appellant and appellee were married, they entered into an antenuptial agreement providing that any appreciation of premarital property during the marriage would be divided equally. During the subsequent divorce proceedings, appellant borrowed sums of money from her ex-husband, Hans Peter Slizyk ("HPS"), mortgaging her premarital property that is the subject of this proceeding. As the divorce litigation strung out, HPS tired of loaning appellant money, and called all of the notes due. Appellant did not pay and continued to list the mortgages as a liability on her financial affidavits in the divorce proceedings. Moreover, due to the mortgages, appellant also listed no equity in that specific premarital property. Because appellee believed the mortgages were a sham to deprive him of his share of the property's appreciation in equity, he moved to join HPS as a third party to the divorce proceedings.
After HPS was joined in the divorce proceedings and his deposition was taken, he agreed to assign the notes and mortgages to appellee if appellee would dismiss him from the suit. Pursuant to that agreement, an assignment of each mortgage was entered. At the time, HPS did not have the original notes and mortgages but signed an affidavit stating that he had not executed satisfactions of the mortgages and notes. HPS also executed an affidavit of lost instruments, attesting that he was the true holder of the notes and mortgages; that they had not been satisfied, redeemed, or assigned; that he did but no longer does possess the notes and mortgages; and that he would deliver them to appellee if he found them. These documents were recorded in the public records. Once recorded, appellee sent appellant a letter detailing the assignments. Although she did not respond, appellant admitted receiving the letter, and the pleadings and affidavits in the divorce proceeding reflect her knowledge of the assignments.
At the divorce trial in 1997, appellee presented the court with the assignments of mortgages from HPS to appellant, along *430 with the affidavit of lost instruments. Appellant presented no evidence on the issue. After the trial but before judgment, appellant filed another financial affidavit wherein she no longer listed the mortgages as liabilities; rather, she listed a $70,000 "contract" debt to HPS. However, in the final judgment of divorce, the court stated:
[Appellee] holds as a nonmarital asset several mortgages on 156 Harbor Circle (Lot 28 and C-15) valued at $188,943 given by [appellant] to [HPS] after separation and transferred by [HPS] to [appellee] after separation in settlement of [appellee]'s suit against him. These mortgages reduce the present equity in this property to zero.
Thus, the court found as a fact that appellee owned the notes and mortgages. The final judgment was appealed and affirmed. See Slizyk v. Smilack, 746 So.2d 1149 (Fla. 5th DCA 1999).
Immediately after the final judgment was entered, appellee commenced this foreclosure action on the notes and mortgages. Appellant answered, challenging the validity of the assignments, and counterclaimed for fraud.
At trial, appellee introduced a certified copy of the divorce judgment into evidence and argued that appellant was estopped from relitigating ownership of the notes and mortgages because the court had made a finding of fact that appellee was the owner. Appellant disagreed, but the trial court agreed with appellee. To prove her claim that the assignments were invalid, appellant testified that HPS had cancelled the notes and mortgages approximately three weeks before he assigned them to appellee. In lieu of the notes and mortgages, appellant and HPS entered into a loan agreement in which appellant agreed to pay HPS $70,000 in consideration for cancelling and voiding the mortgages. Pursuant to the agreement, HPS gave appellant the original notes and mortgages. However, no mortgage satisfactions were recorded.
The trial judge in the foreclosure action did not believe the testimony of either HPS or appellant regarding the voiding of the mortgages. He found that appellant possessed the allegedly canceled original mortgages and notes yet never produced them at trial. He further found that appellee proved by the greater weight of the evidence that he owned the mortgages and notes. On motion for rehearing, the judge also stated his belief that the mortgages were actually voided after the final judgment of dissolution to try to avoid the consequences of HPS' assignments to appellee.
On appeal, appellant claims that appellee could not comply with section 673.3091, controlling the reestablishment of a lost negotiable instrument, because appellee was never in possession of the instrument. However, as noted in National Loan Investors, L.P. v. Joymar Associates, 767 So.2d 549, 551 (Fla. 3d DCA 2000), a person in possession may assign that right when recognizing that right would prevent a defendant from receiving a windfall by preventing foreclosure. In this case, the court did not believe that HPS' alleged cancellation of the notes and mortgages in favor of appellant occurred prior to his assignment to appellee. Therefore, because HPS was in possession of the instruments, he had the right to enforce them. After the assignment to appellee, the right to enforce the instruments was assigned to him.
The trial court concluded the voiding of the mortgages and notes by HPS and appellant was fraudulent. That conclusion is supported by the evidence and the reasonable inferences to be drawn therefrom. A court of equity will not assist *431 in extricating a party from his or her own wrongful and fraudulent conduct. See Hill v. Lummus, 123 So.2d 365, 366-67 (Fla. 3d DCA 1960).
We find no merit in appellant's other issues.
Affirmed.
KLEIN and MAY, JJ., concur.