851 So.2d 790 (2003)
STATE STREET BANK AND TRUST COMPANY, Trustee for Holders of Bear Stearns Mortgage Securities Inc. Mortgage Pass-Through Certificates, Series 1993-12., Appellant,
v.
Hartley LORD, Boca Grove Plantation Property Owners Association, Inc., and Boca Grove Golf and Tennis Club, Inc., Appellees.
No. 4D02-4051.
District Court of Appeal of Florida, Fourth District.
July 23, 2003.
*791 Forrest G. McSurdy of Law Offices of David J. Stern, P.A., Plantation, for appellant.
Harold B. Haimowitz, Boca Raton, for Appellee Hartley Lord.
STONE, J.
The issue on appeal is whether a mortgagee by assignment, State Street Bank, may pursue a mortgage foreclosure in the absence of proof that either the mortgagee, or its assignor, ever had possession of the missing promissory note. A summary judgment was entered in favor of the mortgagor, Hartley Lord. We affirm.
State Street sought to establish the promissory note and mortgage under section 71.011, Florida Statutes. State Street alleged that Hartley executed the note and mortgage and that, after multiple assignments, the documents were assigned to State Street by EMC Mortgage Corporation. Although State Street alleged in its pleading that the original documents were received by it, the record established that State Street never had possession of the original note and, further, that its assignor, EMC, never had possession of the note and, thus, was not able to transfer the original note to State Street.
The trial court correctly concluded that as State Street never had actual or constructive possession of the promissory note, State Street could not, as a matter of law, maintain a cause of action to enforce the note or foreclose the mortgage. The right to enforce the lost instrument was not properly assigned where neither State Street nor its predecessor in interest possessed the note and did not otherwise satisfy the requirements of section 673.3091, Florida Statutes, at the time of the assignment. See Slizyk v. Smilack, 825 So.2d 428, 430 (Fla. 4th DCA 2002).
To maintain a mortgage foreclosure, the plaintiff must either present the original promissory note or give a satisfactory explanation for its failure to do so. § 90.953(1), Fla. Stat. (2002); W.H. Downing v. First Nat'l Bank of Lake City, 81 So.2d 486 (Fla.1955); Nat'l Loan Investors, L.P. v. Joymar Assocs., 767 So.2d 549, 551 (Fla. 3d DCA 2000). A limited exception applies for lost, destroyed, or stolen instruments, where it is shown that "the person was in possession of the instrument and entitled to enforce it when loss of possession occurred." § 673.3091, Fla. Stat. (2002).
Section 673.3091 provides, in part:
(1) A person not in possession of an instrument is entitled to enforce the instrument if:
(a) The person was in possession of the instrument and entitled to enforce it when loss of possession occurred;

*792 (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
Here, it is unrefuted that State Street was unable to meet the requirement of section 673.3091. The undisputed facts show that the note was lost before the assignment to State Street was made. This court has previously refused to allow a mortgage foreclosure under similar circumstances. In Mason v. Rubin, 727 So.2d 283 (Fla. 4th DCA 1999), the appellant brought a foreclosure action on a second mortgage, the trial court denied the foreclosure, and this court affirmed on the basis that the appellant had failed to establish the lost note under section 673.3091. Likewise, here, where State Street failed to comply with section 673.3091, the trial court correctly entered summary judgment denying its foreclosure claim.[1]
State Street cannot succeed under an assignment theory. We recognize that this court, and the Third District, have held that the right of enforcement of a lost note can be assigned. See Slizyk, 825 So.2d at 430; Deakter v. Menendez, 830 So.2d 124 (Fla. 3d DCA 2002); Nat'l Loan, 767 So.2d at 551. Here, however, in contrast to National Loan, Slizyk, and Deakter, there is no evidence as to who possessed the note when it was lost.
In Slizyk, we held that the assignee of a note and mortgage was entitled to foreclose despite his inability to produce the original documents. This court concluded that because the assignor was in possession of the notes, he had the right to enforce them. When the notes were assigned to the appellee, the right to enforce the instruments was assigned to him as well. Id. at 430. In contrast, here, the undisputed evidence was that EMC, the assignor, never had possession of the notes and, thus, could not enforce the note under section 673.3091 governing lost notes. Because EMC could not enforce the lost note under section 673.3091, it had no power of enforcement which it could assign to State Street. Were we to allow State Street to enforce the note because some unidentified person further back in the chain may possess the note, it would render the 673.3091 rule meaningless. We do not, and need not, reach any question as to whether Slizyk and National Loan may be applied where there is proof of an earlier assignor's possession further removed than the most immediate assignor.
We recognize that applying the statute as we do will result in a windfall to the mortgagor and a likely injustice to the mortgagee, unless it is able to obtain new evidence. In Dennis Joslin Company v. Robinson Broadcasting Corp., 977 F.Supp. 491 (D.D.C.1997), the district court rejected the right to assign the enforcement of a *793 lost note. Apparently, in response to that opinion, the Uniform Commercial Code was amended to delete the requirement that the transferee be in possession at the time the instrument was lost and now provides that the person seeking to enforce the instrument either was entitled to enforce the instrument when loss of possession occurred, or acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred. See U.C.C. § 3-309(a)(1) (2002). Florida, however, has not similarly amended its code and still requires possession either by the assignor at the time of loss or by the person seeking to enforce the note. Any remedy must, therefore, be left to the legislature.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] We recognize that in O'Donovan v. Citibank, F.S.B., 710 So.2d 654 (Fla. 3d DCA 1998), the court affirmed a summary judgment allowing foreclosure but reversed on the re-establishment claim where there was a question of fact as to whether the plaintiff could re-establish the terms of the promissory note under section 71.011(5).

Although it appears that O'Donovan permits foreclosure even where the promissory note is not re-established, the Third District applied section 71.011 governing enforcement of lost papers, records, or files, and not section 673.3091. This court, however, has concluded that lost promissory notes are negotiable instruments and are actually governed by section 673.3091. See Slizyk, 825 So.2d 428; Mason, 727 So.2d 283.