PER CURIAM.
Charles Hawkins, a state prisoner, appeals the dismissal of a civil action in which he complained about the medical care that he has received from the prison. Hawkins has received tests and treatment, but he wants to receive different tests and see a specialist. He also requested monetary damages. The circuit court treated his complaint as a petition for writ of mandamus and dismissed it with prejudice.
We conclude that there was no error in denying mandamus relief because the prison does not have a duty to provide particular treatment. However, because Hawkins was also seeking monetary damages, the trial court erred in dismissing his complaint with prejudice. Hawkins should have been allowed to amend his complaint. A party should be allowed to amend its complaint if it may be able to allege additional facts to support its cause of action or another cause of action under a different legal theory. Fla. Nat’l Org. for Women, Inc. v. State, 832 So.2d 911, 915 (Fla. 1st DCA 2002). Because no responsive pleading had been filed, the trial court had no discretion to deny Hawkins’ request to amend his complaint. Fla. R. Civ. P. 1.190(a); Boca Burger, Inc. v. Forum, 912 So.2d 561, 2005 WL 1574249 (Fla. July 7, 2005). Even if his motion for rehearing was treated as an amendment, he should have been given another opportunity to amend because he believed that he needed leave of the court and he has not abused the privilege. Nat’l Loan Investors, L.P. v. Joymar Assocs., 767 So.2d 549, 551 (Fla. 3d DCA 2000). By so ruling, we are not *426 passing on the validity, vel non, of any amended complaint.
The circuit court’s order is reversed and this cause remanded to allow Hawkins to amend his complaint.
POLEN, KLEIN and HAZOURI, JJ., concur.