WELLS, Chief Judge.
 

 Juan Luis Guerrero and Patricia Guerrero appeal from a final judgment of foreclosure complaining of a number of technical deficiencies in the record below. Faced with a record that may best be described as a “mess,” we conclude that at least one of these “technicalities” mandates reversal.
 

 This action was commenced by Chase Home Finance, LLC as the “present designated holder of [a] note and mortgage” executed by the Guerreros. Copies of the promissory note at issue in the amount of $316,000 made payable to Freedom Mortgage Corporation and the mortgage securing that note in favor of “ ‘MERS’ [Mortgage Electronic Registration Systems, Inc.] ... acting solely as a nominee for Lender and Lender’s successors and assigns,” were attached to the complaint.
 
 [1]
 
 The Guerreros filed their Answer and Affirmative Defenses, admitting to entering into the loan and to defaulting, but indicating they were without knowledge of the relationship between Chase and the origi
 
 *972
 
 nal lender, and demanding “strict proof thereof.”
 

 On April 27, 2011, this matter came on for trial. When the proceedings began, Chase’s counsel informed the court that the original note and mortgage at issue could not be located but that his law firm’s records custodian was present with an affidavit regarding these lost documents. The Guerreros objected arguing that no lost note claim had been alleged. The court reserved ruling on the Guerreros’ objection and proceeded to take testimony on the foreclosure claim.
 

 As to this claim, Chase called a representative from IBM, Lender Business Process Services Company, who testified that IBM was now the servicing agent for Fannie Mae, the most recent assignee of the Guerrero note and mortgage. According to this witness, because no payments had been made by the Guerreros since August 1, 2007 on the $316,000 note and mortgage at issue, the Guerreros were in default thereby entitling Chase/IBM/Fannie Mae (for convenience “Chase” throughout) to a foreclosure judgment.
 

 The second witness called by Chase was the records custodian/document supervisor at the law firm now representing Chase in the foreclosure action. The Guerreros promptly objected to this witness because he was not listed on Chase’s witness list. When Chase’s counsel advised the court that this witness was going to testify that the mortgage and note were missing for the purpose of reestablishing them, the Guerreros objected again, arguing that “there is no lost note count.”
 

 At this juncture, Chase’s counsel asked the court to permit it to amend its pleadings to conform to the evidence it was going to present, to which the court responded:
 

 THE COURT: That we would do at the conclusion of the case, not as a preemptive motion.
 

 The records custodian was permitted to testify.
 

 According to this witness, the original note and mortgage had been delivered to the law firm where he worked (the firm representing Chase) and had been placed in a limited access safe. He also testified that despite these precautions, when he went to look for the mortgage and note the day before the trial began, they were not in the safe and search as he might he had not been able to locate them.
 

 In conjunction with this testimony, this witness proffered an affidavit in which he represented that “[Chase] ... holds the Defendants] obligor (s) of the note harmless and agrees to indemnify them from any loss they may incur by reason of a claim by any other person/entity to enforce the lost note.” However, on cross examination the witness admitted that he neither knew what this representation meant nor knew if Chase (much less IBM/Fannie Mae) agreed to it:
 

 Q. [BY COUNSEL FOR CHASE]: Is it true that, according to this affidavit ... the plaintiff is willing to indemnify ... ?
 

 A. I’m not sure what you mean by that.
 

 [[Image here]]
 

 THE COURT: Counselor’s cross examination was getting right to the heart of it. If this note is found, and after this proceeding ... would the plaintiff be in a position to indemnify anybody for that note that was lost, now found? ...
 

 [A.]: I apologize, I’m not sure what the word “indemnify” means.
 

 [[Image here]]
 

 Q. [BY COUNSEL FOR THE GUERREROS]: By the way, are you authorized to indemnify the defendants by the servicer or the holder of this
 
 *973
 
 note? Can yon make that statement in this courtroom?
 

 A. Again, I don’t really understand exactly.
 

 [[Image here]]
 

 Q. Did you understand what you were signing?
 

 A. I understood the parts about the — that have to do with the searches that we did and when the notes came in. I guess my answer is, No. [This statement] is not completely understood.
 

 The affidavit was stricken. There was no other testimony on the subject of indemnification.
 

 At the close of the testimony, the Guerreros unsuccessfully requested entry of judgment in their favor claiming that Chase could not prevail (1) because Chase could not surrender the original mortgage and note and (2) because Chase could not reestablish the mortgage and note without having asserted a lost note claim and without having introduced sufficient evidence to satisfy the requirements of such a claim.
 
 See
 
 § 673.8091(2), Fla. Stat. (2010) (stating “[t]he court may not enter judgment in favor of the person seeking enforcement [of a lost, destroyed, or stolen instrument] unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument”). A final judgment of foreclosure nonetheless was entered.
 

 The Guerreros repeat the same arguments they made below here. We agree with their argument that in this case no foreclosure could be ordered unless the mortgage and note were reestablished.
 
 See Emerald Plaza West v. Salter,
 
 466 So.2d 1129, 1129 (Fla. 3d DCA 1985) (“Agreeing with appellant that the trial court erred in granting foreclosure of a mortgage without requiring either production of the original promissory note and assignment of mortgage or reestablishment of those documents.”) (Citations omitted). We cannot, however, agree that the court below was without authority to allow Chase to amend to assert a lost note claim. While it is well established that a trial court lacks jurisdiction to adjudicate matters outside the pleadings, Rule 1.190(b) of the Florida Rules of Civil Procedure expressly authorizes amendments to conform to the evidence when an unpled matter has been tried — even over objection — when “the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice the objecting party in maintaining an action or defense upon the merits.” Fla. R. Civ. P. 1.190(b);
 
 Instituto Patriotico Y Docente San Carlos, Inc. v. Cuban Am. Nat’l Found.,
 
 667 So.2d 490, 492 (Fla. 3d DCA 1996) (“[T]he law in Florida is well established that a trial court lacks jurisdiction to entertain and adjudge matters which have not been the subject of proper pleadings and notice.”);
 
 see also Cortina v. Cortina,
 
 98 So.2d 334, 337 (Fla.1957) (same);
 
 Freshwater v. Vetter,
 
 511 So.2d 1114, 1115 (Fla. 2d DCA 1987) (same).
 

 The sole purpose of the instant action was to foreclose a mortgage securing a promissory note (copies of which were attached to the complaint) on which the Guerreros concededly had made no payment for years. The undisputed testimony was that IBM was the current servicing agent for Fannie Mae the current owner and holder of these instruments and that the Guerreros were in default. Since the evidence confirmed the current owner/holder’s entitlement to foreclose the mortgage attached to the complaint, submission of the original documents or alternatively reestablishment of them was all that remained. In light of the undisputed testimony that the originals of these documents had been received by the law firm
 
 *974
 
 representing Chase, stored carefully by that firm, but ultimately misplaced, we see no error in allowing Chase to amend to state a claim to reestablish these lost documents.
 

 We cannot, however, agree that the burden of reestablishing these documents was met. Other than representations made in the records custodian’s stricken affidavit, there is no evidence that the Guerreros will be “adequately protected against loss that might occur by reason of a claim by another person to enforce the[se] instrument[s]” as required by section 673.3091 of the Florida Statutes.
 
 See
 
 § 673.3091(2), Fla. Stat. (2010)
 
 [2]
 
 .
 

 We therefore reverse the final judgment of foreclosure and remand for reestablishment of the lost mortgage and note, this time on a proper pleading, naming the appropriate parties, and upon competent evidence — all of which we believe may be accomplished expeditiously. We do not, by virtue of this determination, invite frivolous claims or the addition of frivolous defenses and do not preclude imposition of sanctions authorized by section 57.105 of the Florida Statutes, as a consequence of same, if appropriate.
 

 Reversed and remanded with instructions.
 

 RAMIREZ, J., concurs in result only.
 

 [1]
 

 . An Assignment of Mortgage evidencing MERS' assignment of its interest as servicing agent for the lender to Chase subsequently was filed of record.
 

 [2]
 

 . Section 673.3091 of the Florida Statutes governing reestablishment of lost instruments provides:
 

 Enforcement of lost, destroyed, or stolen instrument
 

 (1) A person
 
 not
 
 in possession of an instrument is entitled to enforce the instrument if:
 

 (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the
 
 instrument from
 
 a person who was entitled to enforce the instrument when loss of possession occurred;
 

 (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
 

 (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
 

 (2) A person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person’s right to enforce the instrument. If that proof is made, s. 673.3081 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.