DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIMBERLY A. ENSLER,**
Appellant,

v.

**AURORA LOAN SERVICES, LLC,**
Appellee.

No. 4D14-351

[October 28, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Senior Judge; L.T. Case No. 2008CA018626XXXXMB.

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, for appellant.

Nancy M. Wallace of Akerman, LLP, Tallahassee; William P. Heller of Akerman LLP, Fort Lauderdale; and Brandon G. Forgione of Akerman LLP, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals a final judgment of mortgage foreclosure entered in favor of appellee Aurora Loan Services. Because we find that the trial court erred in allowing the introduction of certain evidence, and that no final judgment in favor of appellee could be entered without such evidence, we reverse.

Aurora Loan Services, LLC, brought a foreclosure action against Kimberly A. Ensler. Prior to trial, however, Nationstar Mortgage LLC was substituted as the party plaintiff because a "service transfer" occurred subject to a power of attorney.

At trial, Ensler objected to Nationstar introducing some of Aurora's business records into evidence. Ensler argued Nationstar's witness, Fay Janati, a litigation resolution analyst for Nationstar, did not have the ability to identify and testify about Aurora's breach letter, payment history, and power of attorney. Janati conceded that she never visited any Aurora

office, never worked for Aurora, never spoke to any Aurora employee, and did not have personal knowledge as to how Aurora processed payments, kept its payment history, or compiled and stored its records. But Janati nevertheless felt Aurora's records were "accurate" because "[t]hey're a reputable big company and we trust them and they trust us." The trial court overruled Ensler's objections. After Nationstar rested, Ensler moved for an involuntary dismissal, which the trial court denied. The trial court subsequently entered final judgment of foreclosure in favor of Aurora.

On appeal, Ensler argues that Nationstar did not satisfy the requirements of the business records exception to hearsay. As a result, the trial court erred in denying her motion for involuntary dismissal based upon the lack of competent, substantial evidence concerning damages and entitlement to foreclose.

"The standard of review for denial of a motion for involuntary dismissal at trial is de novo." *Holt v. Calchas, LLC*, 155 So. 3d 499, 503 (Fla. 4th DCA 2015) (citation omitted).

The elements to prove that evidence is admissible under the business records exception of section 90.803(6)(a), Florida Statutes (2013), are:

> (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.

*Holt*, 155 So. 3d at 503 (quoting *Yisrael v. State*, 993 So. 2d 952, 956 (Fla. 2008)). "[A] witness's general testimony that a prior note holder follows a standard record-keeping practice, without discussing details to show compliance with section 90.803(6), is not enough to establish a foundation for the business records exception." *Id.* at 505. However, "where the current note holder ha[s] procedures in place to check the accuracy of the information it received from the previous note holder," then "[the] subsequent note holder can [] provide testimony" to satisfy the business records exception. *Id.* at 506.

In *Holt*, a foreclosing bank sought to admit records of prior servicers into evidence. *Id.* at 502. However, the bank's witness had never worked for the prior servicers, did not know who had transmitted any of the prior servicers' records, and had never seen the prior servicers' policy manuals. *Id.* The only basis of the witness's knowledge was that the prior servicers followed "the generally accepted servicing practice." *Id.* at 505. This court

held that the bank did not provide sufficient information to lay the foundation for the business records exception. *Id.* at 506. *See also Burdeshaw v. Bank of N.Y. Mellon*, 148 So. 3d 819, 826 (Fla. 1st DCA 2014) (finding the bank failed to satisfy the business records exception where the testimony that the records were accurate "was merely supposition, based on her general knowledge of ordinary mortgage industry practices, not any specific knowledge about" the original lender and subsequent servicers); *Glarum v. LaSalle Bank Nat'l Ass'n*, 83 So. 3d 780, 782 (Fla. 4th DCA 2011) (finding the prior servicer's records were inadmissible hearsay because the plaintiff's only witness "did not know who, how, or when the data entries were made into [the prior servicer's] computer system" and he "could not state if the records were made in the regular course of business").

In the instant case, Nationstar failed to satisfy the requirements of the business records exception. Janati, Nationstar's sole witness, never worked for Aurora, never visited any Aurora office, and never spoke to any Aurora employee. She did not have personal knowledge as to how Aurora processed, compiled, or retained its records, including the breach letter. Although Janati felt Aurora's records were accurate because "[t]hey're a reputable big company," she never identified any particular record-keeping system Aurora used. She also did not testify that Nationstar had any mechanisms for checking the accuracy of Aurora's numbers. *See Holt*, 155 So. 3d at 504-05. Janati's testimony was therefore "not enough to establish a foundation for the business records exception." *Id.* at 505. Thus, the trial court erred when it permitted the introduction of the Aurora records into evidence.

Aurora argues the introduction of Aurora's payment history was harmless error because Nationstar's payment history was admitted without objection. This argument is meritless.

Paragraph twenty-two of the mortgage required that notice of breach and opportunity to cure be sent to Ensler as a condition precedent to filing suit. However, the only indication the notice was actually sent comes from inadmissible hearsay, i.e., Aurora's records. Because Nationstar has failed to present any admissible evidence that the notice was actually sent, we reverse the final judgment of foreclosure and remand for further proceedings. *See Holt*, 155 So. 3d at 506-07.

*Reversed and remanded for further proceedings consistent with this opinion.*

STEVENSON and KLINGENSMITH, JJ., concur.

*      *      *

*Not final until disposition of timely filed motion for rehearing.*