DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIMBERLY A. ENSLER,**
Petitioner,

v.

**AURORA LOAN SERVICES, LLC,**
Respondent.

No. 4D16-0999

[May 25, 2016]

Petition for writ of certiorari, or alternatively for writ of prohibition to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Catherine M. Brunson, Judge; L.T. Case No. 502008CA018626XXXXMBAO.

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, and Donald J. Thomas of Lewis & Thomas, LLP, Boca Raton, for petitioner.

Nancy M. Wallace, William P. Heller, Victor R. Berwin, Eric M. Levine, and Brandon G. Forgione of Akerman LLP, Tallahassee, Fort Lauderdale, and West Palm Beach, for respondent.

PER CURIAM.

The petitioner petitions for a writ of certiorari, or alternatively, a writ of prohibition, requesting that this court find the lower court failed to comply with this court's mandate in *Ensler v. Aurora Loan Services, LLC*, 178 So. 3d 95 (Fla. 4th DCA 2015), because it ordered a new trial rather than enter an order of dismissal. We grant the writ of prohibition. *See InPhyNet Contracting Servs. v. Soria*, 82 So. 3d 1049, 1051 (Fla. 4th DCA 2011) ("Prohibition will therefore lie to prevent a trial court from proceeding contrary to an appellate court's mandate.").

In *Ensler*, this court reversed the trial court and remanded for further proceedings, citing *Holt v. Calchas, LLC*, 155 So. 3d 499 (Fla. 4th DCA 2015), because Nationstar, the appellee, "failed to present any admissible evidence" that it complied with the condition precedent to foreclose as set forth in paragraph twenty-two of the mortgage. *Ensler*, 178 So. 3d at 98.

In *Holt*, this court reversed and instructed the trial court to enter an order of dismissal because there was "insufficient evidence of compliance with paragraph twenty-two" of the mortgage. *Holt,* 155 So. 3d at 507.

Following issuance of our opinion, Nationstar moved for clarification, arguing that this court should clarify that it was remanding for a new trial. Ensler filed a Response in Opposition to Appellee's Motion for Clarification or, Alternatively, Motion for Clarification. Ensler argued there was no need for clarification as our citation to *Holt* made it clear that this court intended for the trial court to dismiss the case on remand. Ensler also argued that if this court was to clarify its opinion, which, Ensler submitted, was unnecessary, it should only be to instruct the lower court to enter an order of dismissal. We denied the motion for clarification. Ensler now moves for a writ of prohibition because the lower court granted a new trial rather than dismiss the case.

Although our opinion in *Ensler* does not say so explicitly, the citation to *Holt* should make it evident that this court intended for the trial court to enter an order of dismissal upon remand. We therefore grant the writ of prohibition to the extent the trial court is precluded from entertaining a new trial and must instead comply with the mandate in *Ensler* and enter an order of dismissal.

STEVENSON, LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2