# Third District Court of Appeal

## State of Florida

Opinion filed April 04, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-2614; 3D17-895
Lower Tribunal No. 16-6454

_____

**If Six Were Nine, LLC, etc.,**
Appellant,

vs.

**Lincoln Road III, LLC, etc., et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Bond, Schoeneck & King, PLLC, and Matthew M. Jackson and Eric J. Vasquez (Naples), for appellant.

Tobin & Reyes, P.A., and Ricardo A. Reyes and Sacha A. Boegem (Boca Raton), for appellees.

Before ROTHENBERG, C.J., and SALTER and SCALES, JJ.

ROTHENBERG, C.J.

In this commercial lease dispute, If Six Were Nine, LLC, etc. ("the plaintiff") appeals the trial court's order dismissing all of the plaintiff's claims against Lincoln Road III, LLC, etc. ("Lincoln Road") and Terranova Corporation ("Terranova") and dismissing some of the plaintiff's claims against PPF LRIII Portfolio, LLC ("PPF"). We dismiss the appeal for lack of jurisdiction as to PPF because there are related claims against PPF pending in the case below that have not yet been adjudicated. See Almacenes El Globo De Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559, 561-62 (Fla. 3d DCA 2015).

However, we find that the trial court abused its discretion when it entered an order dismissing with prejudice all of the plaintiff's claims against Lincoln Road and Terranova because the plaintiff was given, in effect, no opportunity to amend its complaint to allege additional facts or other causes of action, despite the trial court's assurances that the plaintiff would have an opportunity to amend. See Vorbeck v. Betancourt, 107 So. 3d 1142, 1147 (Fla. 3d DCA 2012) ("Where a party may be able to allege additional facts to support its cause of action or to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion.") (quoting Kapley v. Borchers, 714 So. 2d 1217, 1218 (Fla. 2d DCA 1998)); Al-Hakim v. Holder, 787 So. 2d 939, 942 (Fla. 2d DCA 2001) (stating that "dismissal with prejudice is a severe sanction and one

2

which was not warranted when Al–Hakim had not been given an opportunity to amend his petition").

The plaintiff amended its complaint once as a matter of right before any responsive pleading had been filed. Thus, the trial court's ruling on the defendants' motion to dismiss was the first time the sufficiency of the operative complaint had been tested. See Hawkins v. Crosby, 910 So. 2d 424, 425 (Fla. 4th DCA 2005) (stating that even if the plaintiff amended his complaint once as a matter of right pursuant to Florida Rule of Civil Procedure 1.190(a), he should have been given another opportunity to amend because he had not abused the privilege). Under these circumstances, it was an abuse of discretion to preclude the plaintiff from amending its complaint.[1] Accordingly, we reverse the trial court's order dismissing the plaintiff's claims against Lincoln Road and Terranova and remand for further proceedings consistent with this opinion.

Dismissed in part, reversed in part.

---

[1] We express no opinion as to the merits of the plaintiff's claims or any potential defenses the defendants may have pursuant to the contracts in this case.