PER CURIAM.
The State appeals the trial court’s order revoking Appellee’s probation and sentencing him to six months in the county jail, but withholding adjudication of guilt.[1] We agree with the State that the trial court erred in withholding adjudication of guilt based on the clear and unambiguous language of section 948.06(2)(b), Florida Statutes (2011).[2] However, we are compelled to affirm because the prosecutor failed to adequately preserve the error for appellate review.
Appellee pled guilty to child abuse. Adjudication was withheld and Appellee was placed on probation. Appellee was charged with violating his probation. He admitted the violation with the understanding that the “disposition will be determined by the court.”
At sentencing, counsel for Appellee requested a lenient sentence and told the trial judge that she had the discretion to continue to withhold adjudication of guilt. The prosecutor did not rebut this erroneous legal argument and simply requested that the judge adjudicate Appellee guilty and sentence him to three years’ imprisonment. After an off-the-record discussion, the judge sentenced Appellee to six months in the county jail and announced that she would not alter the previous withhold of adjudication. The prosecutor objected to the sentence, saying only, ‘Your Honor, just for the record, the State would object to the withhold.”
An issue is considered preserved for appellate review if the “issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and ... the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor.” § 924.051(l)(b), Florida Statutes (2011) (emphasis added); see also Harrell v. State, 894 So.2d 935, 940 (Fla.2005) (“First, a litigant must make a timely, contemporaneous objection. Second, the party must state a legal ground for that objection. Third, ‘[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.’ ”)(fírst emphasis added and second emphasis in original). Here, the prosecutor’s generic “for-the-record” objection did not apprise the judge of the legal basis for the error and, thus, did not adequately preserve the issue for appellate review.
We reject the State’s argument that the legal basis for the prosecutor’s objection is apparent from the argument presented below; at no point during the sentencing hearing did the prosecutor argue that it is improper to withhold adjudication of guilt after a revocation of probation, nor did the State ever mention section 948.06(2)(b).[3] Likewise, we reject *1246 the State’s argument that the error in this case is fundamental error that can be raised on appeal despite the lack of preservation below because the error is not “basic to the judicial decision under review and equivalent to a denial of due process.” Hopkins v. State, 632 So.2d 1372, 1374 (Fla.1994) (quoting State v. Johnson, 616 So.2d 1, 3 (Fla.1993)); cf. State v. Calvert, 15 So.3d 946, 950 (Fla. 4th DCA 2009) (Warner, J. concurring specially) (stating that the erroneous withholding of adjudication without the required written reasons creates an unauthorized judgment, but not an illegal judgment, and does not appear to be fundamental error under Florida law).
For these reasons, the order on appeal is AFFIRMED.
ROBERTS, WETHERELL, and MARSTILLER, JJ., concur.

. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A), 9.140(c)(l)(L).

. Section 948.06(2)(b) provides:
If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.
(emphasis added).

.The State notes in its brief that the trial judge engaged in off-the-record discussions with counsel immediately prior to announc *1246 ing the sentence. The State argues that it is likely that, during these discussions, the parties conferred about Appellee's sentence, including the possibility of the judge continuing to withhold adjudication, and, therefore, the State’s objection to the withhold sufficiently apprised the judge that a withhold of adjudication after a revocation of probation is improper. To the extent the State is suggesting that the objection was preserved by the off-the-record discussion, we reject this claim as speculative and without merit. See Pena v. State, 829 So.2d 289, 293 (Fla. 2d DCA 2002) (stating that an appellate court “cannot and will not rely on factual information ... that is outside [its] record.”).