IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MARK PENNINGTON,

     Appellant,

v.

OCWEN LOAN SERVICING,
LLC,

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-3072

Opinion filed November 6, 2014.

An appeal from the Circuit Court for Duval County.
William A. Wilkes, Judge.

George Gingo and James E. Orth, Jr. of Gingo & Orth, P.A., Titusville, for
Appellant.

Curtis A. Wilson of McCalla Raymer, LLC, Tampa for Ocwen Loan Servicing,
LLC, David D. Rottmann, Jacksonville, for Windsor Falls Condominium
Association, Inc., Colleen Colton of Shapiro & Fishman, Boca Raton, Colin Paul-
Anthony Blackwood of McGlinchey St, for Appellees.


ON MOTION FOR CLARIFICATION

PER CURIAM.

     We grant Appellant's Motion for Clarification, withdraw our previous

opinion filed on September 16, 2014, and substitute the following opinion in its

place.

Appellant, Mark Pennington ("Pennington"), appeals the final judgment of foreclosure against him and in favor of Appellee, Ocwen Loan Servicing, LLP ("Ocwen"). Because Ocwen failed to establish its standing to foreclose, or to refute Pennington's affirmative defense contesting standing, we reverse and remand for the trial court to enter judgment in favor of Pennington.

In April 2007, Pennington executed a promissory note and mortgage on his condominium. The note was "payable to order" under section 673.1091, Florida Statutes, because it specifically named E.Q. Financial, Inc., the lender, as payee. § 673.1091, Fla. Stat. ("A promise or order that is payable to order is payable to the identified person."). Mortgage Electronic Registrations Systems, Inc. (MERS) acted as nominee on behalf of E.Q. Financial. The note did not have any indorsements, but attached to the note was an allonge, which made the note payable to Countrywide Home Loans, Inc. The allonge was a special indorsement because it named a specific payee: Countrywide. See § 673.2051(1), Fla. Stat. As such, negotiation of the note required both possession *and* an indorsement by Countrywide. Id. (A specially indorsed negotiable instrument "becomes payable to the identical person and may be negotiated only by the indorsement of that person.").

In January 2009, MERS purported to transfer the mortgage and note to Ocwen. Countywide was not involved. When Pennington failed to make payments,

Ocwen filed a May 4, 2009 complaint, initiating foreclosure proceedings against him. After the filing of the complaint, Ocwen assigned the note and mortgage to Federal Home Loan Mortgage Corporation (Freddie Mac), who eventually assigned it back to Ocwen. This final re-assignment back to Ocwen failed to transfer the note.

Throughout his pleadings, as well as at trial, Pennington asserted the affirmative defense of lack of standing, arguing that Ocwen was not entitled to enforce the note. Ultimately, however, the trial court entered the instant order in favor of Ocwen.

We review the sufficiency of the evidence to prove standing to bring a foreclosure action de novo. Lacombe v. Deutsche Bank Nat'l Trust Co., 2014 WL 5139296 (Fla. 1st DCA Oct. 14, 2014). A plaintiff who is not the original lender may establish standing to foreclose by submitting a note with a blank or special indorsement, an assignment of the note, or an affidavit otherwise proving his status as holder of the note. Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013); see also Mazine v. M & I Bank, 67 So. 3d 1129, 1132 (Fla. 1st DCA 2011) ("To establish standing to foreclose, it must be demonstrated that the plaintiff holds the note and mortgage in question."). Standing must be established at the time of the filing of the foreclosure action. Focht, 124 So. 3d at 310. Additionally, a bank must also have standing at the time final judgment is entered.

See Boumarate v. HSBC Bank USA, N.A., 109 So. 3d 1239, 1239 (Fla. 5th DCA 2013); Beaumont v. Bank of New York Mellon, 81 So. 3d 553, 555 (Fla. 5th DCA 2012).

In this case, Ocwen failed to demonstrate it had standing to enforce the note. Its exhibits did not qualify as an indorsement from Countrywide to Ocwen or as an assignment from Countrywide to Ocwen (while Ocwen submitted a copy of a letter it had written to Pennington informing him of an assignment from Countrywide to Ocwen, the actual assignment itself was never produced). And while Ocwen filed an affidavit of lost note alleging it was the lawful owner of the note so as to establish standing at the time the lawsuit was filed, see McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 174 (Fla. 4th DCA 2012) ("[I[f the affidavit itself is executed before the lawsuit is filed, the allegation that the plaintiff is the 'owner and holder of the note' is sufficient to establish the plaintiff's standing at the inception of the lawsuit[]"), that affidavit was a nullity since negotiation of the note required not only possession, but an indorsement from Countywide to Ocwen. See § 673.2051(1), Fla. Stat. But such was lacking here. Likewise, the record contains no proof by Ocwen that it had standing under any of the means established by section 673.3011, Florida Statutes. See Mazine, 67 So. 3d at 1130. Because Ocwen failed to establish standing either at the time of filing the

4

suit or at the time of judgment, the trial court should have granted Pennington's motion for involuntary dismissal for lack of standing.

While this issue is dispositive, we also note that Ocwen's problems were further compounded when the final assignment from Freddie Mac to Ocwen was only for the mortgage; Ocwen's own records custodian admitted this below. Notwithstanding the lack of evidence to prove the Countrywide assignment, even if Ocwen had standing at the commencement of the suit, it would have lost such standing when it was no longer legally entitled to own or enforce the note. See Lindsey v. Wells Fargo Bank, N.A., 139 So. 3d 903 (Fla. 1st DCA 2013).

Accordingly, we REVERSE the judgment below, and direct the trial court to enter final judgment for Pennington.

REVERSED.

THOMAS, ROWE, and MAKAR, JJ., CONCUR.