IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DAVID LEE HAM, JR.,

     Appellant,

v.

NATIONSTAR MORTGAGE,
LLC,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4024

Opinion filed May 12, 2015.

An appeal from the Circuit Court for Clay County.
Frederic A. Buttner, Judge.

David Lee Ham, Jr., pro se, Appellant.

Nancy M. Wallace and Michael J. Larson of Akerman LLP, Tallahassee, and William P. Heller of Akerman LLP, Fort Lauderdale, for Appellee.

BILBREY, J.

Appellant, David Lee Ham, Jr., appeals the final judgment of foreclosure entered in favor of Nationstar Mortgage, LLC.  Because the evidence of the

original plaintiff's standing to enforce the note was insufficient to support the final judgment, we reverse.

The lawsuit commenced on February 7, 2008, upon the filing of the complaint by Aurora Loan Services, LLC. In Count I, Aurora alleged that it sought to "reestablish a promissory note under Section 673.3091, Florida Statutes," that it was the owner of the note, and that it "was in possession of the promissory note and was entitled to enforce it when loss of possession occurred." Aurora specifically alleged that the "note is not in the custody or control of Plaintiff." Count II was for foreclosure of the mortgage securing the note. Attached to the complaint was a mortgage naming Appellant as the borrower and 123Loan, LLC as the lender. The mortgage described a note dated August 17, 2004, establishing a debt owed by Appellant to 123Loan for $50,000.00. However, no note (and thus, no indorsement), no assignment of the note, and no affidavit of ownership of the note was attached to the complaint.

In his answer to the complaint, Appellant denied the allegations that Aurora was the owner of the note, that the note was lost subsequent to Aurora's acquisition of it, and that Aurora was entitled to enforce the note at the time it was lost.

More than three years after the original complaint was filed, Aurora moved for leave to amend its complaint and the court granted the motion. Aurora filed its Verified Amended Complaint on June 7, 2011. The amended complaint dropped

2

the lost note count and consisted of only one count, for foreclosure. Aurora alleged that it was the servicing agent, the designated holder of the note, and that the note and mortgage had been in default since October 1, 2007. Attached to the amended complaint was a "Corporate Assignment of Mortgage" dated April 9, 2008, assigning the mortgage "together with the Note" from Mortgage Electronic Registration Systems ("MERS") to Aurora. Also attached was a copy of the Note, each page of which was stamped with a certification that it was a "true and correct copy of the original" and initialed by an unknown person. The copy of the Note was dated August 17, 2004, and listed 123Loan as the lender and Mr. Ham as the borrower. After the signature page of the Note, an undated indorsement in blank (no designated payee) was attached, signed by the Vice President of 123Loan, LLC. This blank endorsement made the Note payable to the bearer. See § 673.2051(2), Fla. Stat.

Appellant's answer to the amended complaint denied that Aurora was the holder of the note, denied that the mortgage was in default, and asserted the affirmative defense that Aurora lacked standing to sue for foreclosure, both at the time the original complaint was filed and when the amended complaint was filed. In support of this affirmative defense, Appellant asserted that the "Corporate Assignment of Mortgage" from MERS to Aurora was executed only *after* the filing of the original complaint. Appellant also challenged the Corporate

Assignment because the assignor was MERS, not 123Loan.

By order entered June 12, 2012, upon Aurora's motion for substitution, the court substituted Nationstar as the party plaintiff. A second Corporate Assignment of Mortgage (from Aurora to Nationstar) was attached to Aurora's motion. The second corporate assignment provided an effective date of July 1, 2012, and addressed only the mortgage, without reference to the note.

Following Appellant's unsuccessful motions to dismiss and for summary judgment, the bench trial took place on August 28, 2014. The final judgment of foreclosure was entered that same day in favor of Nationstar in the amount of $83,566.18. Appellant filed a timely appeal of the final judgment.

This Court's scope of review is somewhat limited by the failure of Appellant to provide a transcript of the bench trial. However, unlike the appeal in Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979), where no transcript of the bench trial and no "proper substitute" was supplied by the appellant, the scope of our review is not limited to the face of the final judgment. Here, Appellant prepared a statement of the evidence or proceedings and Nationstar submitted objections and proposed amendments to that statement. Fla. R. App. P. 9.200(b)(4). The trial court approved Nationstar's objections and amendments and disapproved Appellant's statement. Accordingly, the evidentiary record before us consists of the approved statement of the evidence and proceedings and the

4

numerous documents admitted into evidence in the record. See Soto v. Soto, 974 So. 2d 403, 404 (Fla. 2d DCA 2007) ("Thus, as the evidentiary record, we have before us the twelve-page statement of the evidence, along with numerous financial exhibits.").

The lack of a transcript of the final hearing prevents this Court from reviewing the trial court's exercise of its discretion to admit or exclude evidence such as the testimony of the witness as described in the statement of the evidence, Nationstar's business records, and Appellant's excluded financial records. In order to preserve an evidentiary ruling for appellate review, a contemporaneous objection on the specific legal ground raised on appeal must be made in the trial proceedings, and the objecting party must obtain a ruling by the trial court for the appellate court to review. See State v. Currilly, 126 So. 3d 1244, 1245 (Fla. 1st DCA 2013). The preservation rule applies in both criminal and civil cases. See Universal Ins. Co. of N. Am. v. Warfel, 82 So. 3d 47, 64 (Fla. 2012) (applying rule in civil proceedings); Aills v. Boemi, 29 So. 3d 1105 (Fla. 2010) (same). The absence of a transcript of the final hearing precludes our consideration of whether sufficiently specific objections to admission or exclusion of evidence were made so as to inform the trial court of the perceived evidentiary errors. See Aarmada Protection Systems 2000, Inc. v. Yandell, 73 So. 3d 893, 898 (Fla. 4th DCA 2011)

("absent a transcript of the hearing on the motion in limine, we must affirm a ruling [on the motion] that is not fundamentally erroneous on its face.").

The statement of evidence and proceedings, as approved by the trial court, refers generally to Appellant's objections "to the introduction of evidence" which were "all overruled, including objections as to hearsay, authentication, and relevance." However, unlike the record in Burdeshaw v. Bank of New York Mellon, 148 So. 3d 819 (Fla. 1st DCA 2014), which contained a complete transcript of the final hearing, the bald reference in the statement of evidence in this case provides no particulars of the context or specifics of any hearsay argument, such as the application of the business records exception to the hearsay rule or the qualifications of the witness to testify about any business records under section 90.803(6), Florida Statutes. The record in this case is not sufficient to preserve for appellate review any challenge to the admission or exclusion of documents or testimony at the bench trial.

While particular evidentiary objections and rulings were not preserved for appellate review, Appellant's challenge to the sufficiency of the evidence of Nationstar's standing is cognizable in this appeal. Rule 1.530(e), Florida Rules of Civil Procedure provides that when "an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto

6

in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment." See Burdeshaw (applying rule 1.530(e) to appeal of final judgment of foreclosure); Lacombe v. Deutsche Bank Nat'l Trust Co., 149 So. 3d 152, 153 (Fla. 1st DCA 2014) (same).

The standard of this court's review of the sufficiency of the evidence to prove standing to bring a foreclosure action is de novo. Pennington v. Ocwen Loan Servicing, LLC, 151 So. 3d 52, 53 (Fla. 1st DCA 2014).

The documents in the record clearly establish that the original plaintiff, Aurora, was not the original lender. The law is firmly settled that "[a] plaintiff who is not the original lender may establish standing to foreclose by submitting a note with a blank or special indorsement, an assignment of the note, or an affidavit otherwise proving his status as a holder of the note." Pennington v. Ocwen Loan Servicing, LLC, 151 So. 3d 52, 53 (Fla. 1st DCA 2014); Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013); McLean v. JP Morgan Chase Bank N.A., 79 So. 3d 170, 173 (Fla. 4th DCA 2012). No document fitting the description above was attached to the original complaint when it was filed in 2008.

"[S]tanding must be established at the time of the filing of the foreclosure action." May v. PHH Mortgage Corp., 150 So. 3d 247, 248 (Fla. 2d DCA 2014); Pennington, at 53; Focht, at 310. A party's standing "is determined at the time the

7

lawsuit was filed" and "a party is not permitted to establish the right to maintain an action retroactively by acquiring standing after the case is filed." McLean, at 173. Although this rule has been criticized at times, we are bound to follow this long-standing rule established by the Florida Supreme Court. See Focht, 124 So. 3d at 311-12 citing Marianna & B.R. Co. v. Maund, 62 Fla. 538, 56 So. 670 (Fla. 1911); Voges v. Ward, 98 Fla. 304, 123 So. 785 (Fla. 1929).

In the initial complaint, Aurora alleged that it did not possess the note on the date the complaint was filed. The amended complaint filed in June of 2011 included an attached corporate assignment dated April 9, 2008, but that attachment did not establish that an assignment had occurred as of February 7, 2008, the filing date of the initial complaint. Aurora's lost note allegations in the original complaint, pursuant to section 673.3091, Florida Statutes, were never proved and were abandoned in the amended complaint. The blank indorsement filed with the certified copy of the note on June 7, 2011 might have been sufficient to prove that Aurora was entitled to enforce the instrument, under section 673.3011, as of June 7, 2011. But Appellant's denial of Aurora's status as owner or holder in the answer to the amended complaint and affirmative defenses made the issue of Aurora's standing to enforce the note as of the filing of the original complaint a contested issue for Aurora to prove. The *undated* blank indorsement did not answer the question of "whether the indorsement in blank antedated the filing of

8

the original complaint." Kiefert v. Nationstar Mortgage, LLC, 153 So. 3d 351, 353 (Fla. 1st DCA 2014).

The insufficiency of the documents in the record to establish Aurora's standing as a party entitled to enforce the note on February 7, 2008, was not cured by the evidence presented at the bench trial. According to the statement of evidence and the proceedings, Nationstar relied on the testimony of its employee, Joan Osiemo. Ms. Osiemo began her employment with Nationstar as a "Litigation Research Analyst" in 2012. Although she did not testify that she was ever employed by Aurora or any other previous servicer of the mortgage or holder of the note, she testified that "Nationstar purchased the assets of Aurora via an asset Purchase Agreement." She was familiar with Aurora's "platform, policies/procedures, etc. as Nationstar employed numerous former Aurora employees who trained them and worked with the Nationstar employees on verifying data." As described in the statement of evidence, Ms. Osiemo "stated that she did know from business records the Plaintiff had possession of the original documents prior to the Complaint and was therefore entitled to enforce the Note and Mortgage."

Ms. Osiemo's knowledge "from business records" that Aurora possessed "the original documents prior to the Complaint" does not establish that Aurora had standing to enforce the note on February 7, 2008, the date the initial complaint was

9

filed. The statement describing the Nationstar employee's testimony does not indicate any personal knowledge she might have of any processes of Aurora, MERS, or 123Loan. Her opinion, based on her review of unspecified "business records," that Aurora "had possession of the original documents prior to the Complaint" and was "therefore entitled to enforce" the instruments does not overcome the actual allegation in the original complaint that Aurora did not possess the note on February 7, 2008; the Corporate Assignment of Mortgage attached to the amended complaint which showed the note and mortgage were not assigned by MERS to Aurora until April 9, 2008, two months after the original complaint was filed; and Aurora's failure to file the undated blank indorsement and corporate assignment of mortgage until 2011 as opposed to at the time of filing the initial complaint.

It is possible for a witness to provide sufficient testimony to prove standing where the documentary evidence is insufficient. Stone v. BankUnited, 115 So. 3d 411 (Fla. 2d DCA 2013). In this case, however, the description of Ms. Osiemo's testimony in the approved statement of the evidence does not amount to competent, substantial evidence to remedy the deficiencies and clear contradictions to her testimony contained in the undisputed documentary evidence. Our de novo review of the documentary evidence in the record and the statement of evidence and proceedings approved by the trial court compels us to conclude that the evidence

10

was insufficient to establish that Nationstar's predecessor plaintiff, Aurora, had standing to enforce the note via an action for foreclosure on February 7, 2008. Accordingly, the evidence in the record was insufficient to support the final judgment of foreclosure in favor of Nationstar due to the insufficient evidence to establish the predecessor plaintiff's standing.[1]

The final judgment of foreclosure in favor of Nationstar is REVERSED.

ROBERTS and SWANSON, JJ., CONCUR.

---

[1]We are mindful of the perception that certain delinquent borrowers might enjoy a "windfall" where a foreclosure plaintiff is required to prove standing to enforce a note at the time the initial complaint is filed, but the filing of a new suit when standing has been acquired would take place more than five years after the alleged default. See § 95.11(2)(c), Fla. Stat. Proof of entitlement to enforce a note secured by a mortgage can be problematic in "this era of securitization of mortgage debt and computerized banking." Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 312 (Fla. 2d DCA 2013) (Altenbernd, J., concurring). However, as Judge Altenbernd observed, "[i]n this case and numerous other cases, the financial institutions have brought these problems upon themselves by the complex methods of securitization and their own sloppy recordkeeping." Id., at 313 (Altenbernd, J., concurring). We further note that many foreclosure actions languish due to the plaintiffs' failure to prosecute cases in a timely manner and not from any wrongdoing by the borrower. Once a defendant contests the plaintiff's standing as the proper party to enforce a note via foreclosure, the plaintiff's right to bring suit on the note at the requisite time becomes a disputed issue the plaintiff must prove. Gee v. U.S. Bank, N.A., 72 So. 3d 211, 213 (Fla. 5th DCA 2011). It is not inequitable to require a plaintiff to prove its case, beginning with its standing to bring the action at the outset when that status is challenged.