BILBREY, J.
Appellants, the Seidlers, appeal the amended final judgment of foreclosure, which included the trial court’s finding of standing based on Wells Fargo Bank, N.A.’s reestablishment of a lost note. Because the record does not contain sufficient evidence to support reestablishment of .the lost page of: .the note or to prove ■ the original plaintiffs, standing to enforce the note at the time the foreclosure action was filed, the evidence is insufficient to support the amended final judgment, and we therefore reverse.
“The standard of this court’s review of the evidence to prove standing to bring a foreclosure action is de novo.” Ham v. Nationstar Mortg., LLC, 164 So.3d 714, 717 (Fla. 1st DCA 2016); Pennington v. Ocwen Loan Servicing, LLC, 151 So.3d 52, 53 (Fla. 1st DCA 2014). A finding that a lost note is reestablished, under section 673.3091, Florida Statutes, is reversible upon the appellate court’s deter-, mination of a failure of proof. See Correa v. U.S. Bank, N.A., 118 So.3d 952 (Fla. 2d DCA 2013).
On December 16, 2008, plaintiff Wacho-via Bank, N.A. filed its complaint to rees *418 tablish a lost promissory note, under section 673.3091, Florida Statutes, and for foreclosure on the mortgage securing that lost note. Wachovia alleged that it was “the owner” of the note, that the note was lost or destroyed at some unknown time after Wachovia acquired the note, and that Wachovia was entitled to enforce the note at the time it was lost. Wachovia also alleged that its loss of possession of the note was not the result of a transfer by Wachovia or a lawful seizure, and that Wachovia could not reasonably obtain possession of the instrument due to its loss or destruction. In its complaint, Wachovia agreed to indemnify the defendants if any other party attempted to enforce the lost note after Wachovia obtained a final judgment. Accordingly, the complaint alleged the statutory cause of action to reestablish a lost note under section 673.3091(1).
Section 673.3091(2), Florida Statutes, provides that “[a] person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person’s right to enforce the instrument.” As proof of the terms of the instrument, Wachovia attached copies of the note and mortgage to its complaint.
The copy of the attached note consisted of three pages. Page 1 was dated August 18, 2005, and provided that Jason P. Sei-dler borrowed $185,250.00 from lender Irwin Mortgage Corporation and agreed to repay that amount with interest, under the note’s terms. The last page of the copy of the note attached to the complaint, page 3, contained Mr. Seidler’s undated signature. No indorsement or other indication of negotiation of the note appeared on this copy of page 3 of the note. No additional pages were attached. See § 673.2011, 673.2051, Fla. Stat. (methods of transfer of instruments; to whom payable under various types of indorsements).
The copy of the mortgage attached to the complaint was also dated August 18, 2005, and also listed Irwin Mortgage Corporation as the lender. The mortgage listed both Mr. and Mrs. Seidler as the mortgagors and referenced the promissory note secured by the mortgage.
The Seidlers timely filed their answer to the complaint on December 31, 2008. They denied each of Wachovia’s allegations of ownership of the note, possession at the time the note was lost, and that Wachovia was entitled to enforce the lost note. Likewise, the Seidlers denied the material allegations of the foreclosure count, including Wachovia’s allegation of ownership of the note, and that all conditions precedent to the filing of the foreclosure action had been performed.
Wachovia filed its motion for summary judgment on February 11, 2009, asserting that the note and mortgage entitled Wa-chovia to foreclose to enforce the note. The motion for hearing was set for April 27, 2009, and on that date, copies of the first two pages of the note and the entire mortgage were filed with the court. However, page 3 of the note was not included. No indorsement of the note or other indication of negotiation of the instrument was filed at this time. The court denied summary judgment and ordered the parties to attend mediation. Mediation did not result in any resolution of the action.
On February 6, 2013, the trial court granted Wachovia’s motion to substitute Wells Fargo as the plaintiff based upon Wachovia’s merger with Wells Fargo. Standing was still at issue because, as frequently observed, “[o]nce a defendant contests the plaintiffs standing as the proper party to enforce á note via foreclosure, the plaintiffs right to bring suit on the .note at the requisite time becomes a disputed issue the plaintiff must prove.” Ham, 164 So.3d at 719 n. 1; see also Gee v. *419 U.S. Bank N.A., 72 So.3d 211, 213-14 (Fla. 5th DCA 2011). After Wells Fargo was substituted as the plaintiff, the Seidlers directed their challenges to standing to foreclose towards Wells Fargo’s proof of entitlement to enforce the note. -The Sei-dlers denied Wells Fargo’s proof of ownership and right to enforce the note via foreclosure of the mortgage in their motion for summary judgment, filed June .28, 2013, and in their motion for judgment on the pleadings, filed December 27, 2013. The trial court did not rule on the Seidlers’ motions or make any rulings regarding Wells Fargo’s standing prior to trial.
The bench trial took place on April 2, 2014. “A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose.” McLean v. JP Morgan Chase Bank, N.A., 79 So.3d 170 (Fla. 4th DCA 2012). Where the plaintiff is not the party to whom the note is payable by its terms, and where the plaintiff at trial is not the original plaintiff, the plaintiff is required to prove not only its standing on the date of trial, but also that the original plaintiff was entitled to enforce the note on the date the initial complaint was filed. See Kiefert v. Nationstar Mortgage, LLC, 153 So.3d 351, 352 (Fla. 1st DCA 2014). If standing is claimed on the basis of indorsement of the note from the original named payee, the plaintiff must establish that the note was indorsed “before the filing of the complaint in order to prove its standing as a holder.” Id. A plaintiff in a foreclosure “must have standing to file suit at its inception and may not remedy this defect by subsequently obtaining standing.” Rigby v. Wells Fargo Bank, N.A., 84 So.3d 1195, 1196 (Fla. 4th DCA 2012).
The record in this case as of the date of the final hearing established that the note was páyablé to Irwin Mortgage. Because the Seidlers had consistently denied Wachovia’s, and then Wells Fargo’s, standing to enforce the note via the foreclosure action, Wells Fargo was required to prove not only its own entitlement to enforce the note on the date'of trial, under any of the provisions of section 673.3011, Florida Statutes, but also that Wachovia was entitled to enforce'the , noté on the date the complaint was filed.
As stated in Ham v. Nationstar Mortgage, LLC, “[t]he law is firmly settled that ‘[a] plaintiff who is not the original lender may establish standing to'foreclose by submitting a note with a blank or special- indorsement, an assignment of the note, or an affidavit otherwise- proving his status as a holder 'of the noté.”’ Ham, 164 So.3d at 717 (citations omitted). At the time Wachovia filed its complaint in 2008, no such document was attached to the complaint or affixed to the copy of the note. See Focht v. Wells Fargo Bank, N.A., 124 So.3d 308 (Fla. 2d DCA 2013).[1]
Wells Fargo’s Exhibit 1 at trial was a copy of the note which, unlike the copy of the note attached to the complaint, included an indorsement in blank on the final page. See Farkas v. U.S. Bank, N.A., 165 So.3d 796 (Fla. 4th DCA 2015) (judgment reversed due to lack of proof of standing; unindorsed note attached to complaint differed from indorsed note presented at trial). The indorsement was dated August 18, 2006, over two years prior to the-filing of the complaint. Such indorsement in *420 blank made the note “payable to -bearer” and negotiable “by transfer of possession alone until specially indorsed.” § 673.2051(2), Fla. Stat.
The trial court admitted Exhibit 1 into evidence over the Seidlers’ objections that it was not-authentic, as was within the trial court’s discretion.[2] This exhibit constituted evidence to support a finding that on August 18, 2006, the note became payable to the bearer and thus enforceable via, possession alone. Wachovia’s standing,, as a holder under section 678.3011(1), Florida Statutes, could, thus have been proved upon a showing that Wachovia possessed the note, as indorsed, on December 16, 2008, when the complaint was filed. However, Wachovia specifically alleged that it did not possess the note and was seeking to reestablish, a lost note, under section 673.3091. Section 673.8091 applies to persons “not in possession of an instrument,” and Wachovia’s allegations in the complaint preclude a .finding that Wachovia had standing as a holder on the date the complaint was filed by virtue of its possession of the note indorsed in blank.[3]
Wells Fargo thus proceeded under sections' 673.8011(3) and 673.391 to enforce the note through foreclosure. The only evidence Wells Fargo presented to support Wachovia’s lost note allegations was the testimony of Darrell Dewhurst, Home Equity Research Officer for J.P. Morgan Ohase Bank, N.A Mr. Dewhurst testified that his employer, J.P. Morgan Chase, was the current servicer on the mortgage and now possessed, and held the note.[4] He unequivocally stated that J.P. Morgan Chase possessed the originals of the first two pages of the note in its business records and its “I-vault system,” but that the original page 8 was lost. Mr. Dewhurst agreed with Wells Fargo’s counsel’s questions pertaining to a lost note under section 678.30.91 as follows:
Q: And was the plaintiff in possession of the note — the third page of the note prior to the filing of this foreclosure action? '
A: Yes.
Q: At that time, that the plaintiff had possession of the note, did they have the authority to, enforce the, note and mortgage?
A: Yes.
Q: Has the note — have the note and mortgage or the rights under the mortgage been, transferred to any other entity?
A: No.
Q: And has-the plaintiff attempted to search for the original documents:
A.: Yes.
Q: And were they unable to locate the same?
A: Yes.
Q: Does the plaintiff agree to indemnify the defendants from the claims by improper third parties asserting rights under the lost note based upon possession of the original?
*421 A: Yes.
It was unclear from Mr. Dewhurst’s answers which plaintiff he meant, Wachovia, in 2008, or the current plaintiff, Wells Fargo. J.P. Morgan Chase was never a party to this action.
On cross examination, when Mr. Seicller asked if Mr. Dewhurst knew when “Wells Fargo” obtained possession of the note, Mr. Dewhurst stated that he did not know. Mr. Dewhurst also did not know if the copy of the note .attached to the complaint was the same as the note presented at trial.
The evidence presented by Wells Fargo at trial was insufficient to meet its burden for reestablishing the lost page 8' of the note at issue, and thus insufficient to prove Wachovia’s standing to enforce the lost note on the date the complaint was filed. See Guerrero v. Chase Home Finance, LLC, 83 So.3d 970 (Fla. 3d DCA 2012) (testimony of employee of current servicer of mortgage and of records custodian of plaintiffs counsel’s office insufficient proof to reestablish lost note; final judgment of foreclosure reversed and' remanded). Wells Fargo needed to prove Wachovia was entitled to enforce the note when possession was lost. § 673.3091(1)(a), Fla; Stat. Mr. Dewhurst never mentioned Wa-chovia at any point in his testimony. He gave no indication that he had any knowledge of events which took place in 2008 or before, and no basis for his “yes” and “no” responses to counsel’s inquiries about “the plaintiffs” possession, loss, and search for the note on or before the date Wachovia’s complaint was filed in 2008. Mr. De-whurst did not testify about any work history or relationship he might have had with any company other than J.P; Morgan Chase. The bare affirmations by Wells Fargo’s only witness were insufficient to prove Wachovia’s, and thus Wells Fargo’s, entitlement to reestablish' a lost note and then enforce that note under sections 673.3011 and 673.3091. See Correa v. U.S. Bank, N.A., 118 So.3d 962 (Fla. 2d DCA 2013) (testimony of employee of mortgage servicer insufficient to prove circumstances of loss of note); Shores v, First Florida Resource Corp., 267 So.2d 696 (Fla. 2d DCA 1972) (bare affirmation of corporate officers insufficient to establish transfer of instruments or lack thereof),
Because Wells Fargo failed to prove its claim , to reestablish a lost note and failed to prove its standing, based on the original plaintiffs standing to foreclose; on the mortgage securing that note on the date the complaint was filed, the final judgment of foreclosure and the amended final judgment of foreclosure are REVERSED.
BENTON and OSTERHAUS, JJ., concur.

. “A trial mint's ruling on the admissibility of evidence under the business records hearsay exception is reviewed for an abuse of discretion,”. Peuguero v. Bank of Am., N.A., 169 So.3d 1398, 1202 (Fla. 4th DCA 2015); see also Cayca v. CitiMortgage, Inc., 138 So.3d 1214 (Fla. 4th DCA 2014).

. Likewise, Wachovia could not have been entitled to enforce tire note under section 673.3011(2) as "a non-holder in possession of the instrument who has the rights of a holder,” because the complaint specifically alleged that Wachovia was not in possession of the note.

.While Wells Fargo succeeded Wachovia Bank,, N,A, as the plaintiff in this action due to its showing of a merger, J.P. Morgan Chase is not and never was a party .to this action,