# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-1769
_____

U.S. BANK NATIONAL
ASSOCIATION, not in its
individual capacity but solely as
Trustee for the RMAC Trust,
Series 2016-CTT,

    Appellant,

    v.

DANIEL A. DUKES; DENISE M.
DUKES; UNITED GUARANTY
RESIDENTIAL INSURANCE
COMPANY OF NORTH CAROLINA;
UNKNOWN TENANTS/OWNERS 1
and UNKNOWN
TENANTS/OWNERS 2,

    Appellees.

_____

On appeal from the Circuit Court for Columbia County.
Mark E. Feagle, Judge.


October 22, 2025

ROBERTS, J.

In this foreclosure action, U.S. Bank National Association, not in its individual capacity, but as trustee for the RMAC Trust, Series 2016-CTT, appeals the final judgment entered in favor of

Daniel and Denise Dukes, husband and wife. U.S. Bank argues that the trial court erred in concluding that it did not have standing to bring the action. We agree and reverse.

In August 2019, U.S. Bank filed a mortgage foreclosure complaint against Mr. and Mrs. Dukes. U.S. Bank brought claims for mortgage foreclosure and enforcement of lost instruments and alleged the following. Ramond Eller, Sr., executed and delivered the note in favor of Bank of America, N.A., on or around August 31, 2007. The mortgage securing the note was executed by Mr. Eller and his wife Wanda Eller, recorded on September 4, 2007, and mortgaged the property at issue.[1] A default existed under the note and mortgage in that no payment due on or after April 1, 2012, had been made. Copies of the note and mortgage were attached, and the mortgage was later assigned.

At the time of the complaint, Mr. and Mrs. Dukes owned the property and held title subject to the mortgage. U.S. Bank was entitled to enforce the note, and Rushmore Loan Management Services, LLC, had the authority to initiate the foreclosure on U.S. Bank's behalf pursuant to a power of attorney. U.S. Bank did not possess the original note but was entitled to enforce the note because it "was entitled to enforce the note when the loss of possession occurred, or ha[d] directly or indirectly acquired the right to enforce the [note] from an entity that was entitled to enforce the [note] when the loss of possession occurred." The loss of possession of the note did not result from a transfer by U.S. Bank or a lawful seizure, and U.S. Bank could not reasonably obtain possession of the note because its whereabouts could not be determined.

U.S. Bank attached an affidavit of lost instruments from Enadia Pierce, the assistant vice president of Rushmore, the servicer and appointed attorney in fact for U.S. Bank. Pierce made

_____

[1] Although not discussed in the complaint, Mr. Eller passed away in May 2009, Mrs. Eller executed a quitclaim deed in May 2013 and conveyed her interest in the property to Larry Butler, and Mr. Butler executed a quitclaim deed in March 2014 and conveyed the property to Mr. and Mrs. Dukes.

the following statements. U.S. Bank was the true, lawful, present, and sole owner of the note and mortgage and had obtained the right to enforce the note and mortgage. The original note was lost or misplaced, but copies of the note and mortgage were attached to the affidavit. The chain of assignments of the note was Bank of America to Nationstar Mortgage, LLC, and then Nationstar Mortgage, LLC d/b/a Mr. Cooper to U.S. Bank. Three assignments of mortgage were attached to the affidavit:

**(1)** an assignment of mortgage from Bank of America to Nationstar dated November 7, 2012, and recorded on January 24, 2013;

**(2)** an assignment of mortgage from Nationstar to U.S. Bank dated June 2, 2016, and recorded on September 19, 2016; and

**(3)** a corrective assignment of mortgage from Nationstar to U.S. Bank from dated October 8, 2018, and recorded on November 20, 2018.

The first assignment provided:

```
              CORPORATION ASSIGNMENT OF MORTGAGE
                            Doc. ID#  26287150863782964
                            Commitment# 5200

For value received, the undersigned, BANK OF AMERICA,N.A., 1800 TAPO CANYON
ROAD,SIMI VALLEY,CA 93063, hereby grants, assigns and transfers to:
  NATIONSTAR MORTGAGE LLC
  350 HIGLAND DRIVE,LEWISVILLE,TX 75067

All its interest under that certain Mortgage dated  8/31/07, executed by:
ESTATE OF RAMOND R ELLERSR, Mortgagor as per MORTGAGE recorded as Instrument
No. 200712020003 RF    on 9/4/07 RF in Book  ── RF   Page ── RF    of
official records in the County Recorder's Office of COLUMBIA County, FLORIDA.
  Tax Parcel = R05965-000,   COLUMBIA COUNTY TAX COLLECTOR
Original Mortgage $159,920.00
693 NW PALM DR, LAKE CITY, FL 32055

Together with the Note or Notes therein described or referred to, the money
due and to become due thereon with interest, and all rights accrued or to
accrue under said Mortgage.

Dated: 11/07/2012     BANK OF AMERICA,N.A.
```

The second assignment provided:

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS 8950 CYPRESS WATERS BLVD., COPPELL, TX 75019, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Mortgage with all interest secured thereby, all liens, and any rights due or to become due thereon to U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT, WHOSE ADDRESS IS 60 LIVINGSTON AVE, EP-MN-WS3D, ST. PAUL, MN 55107, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Mortgage was made by RAMOND R. ELLER SR. AND WANDA GAIL ELLER and recorded in Official Records of the Clerk of the Circuit Court of **COLUMBIA** County, **Florida**, in **Instrument # 280712020003**, upon the property situated in said State and County as more fully described in said Mortgage.

Dated on ___6_/_2_ /2016 (MM/DD/YYYY)

NATIONSTAR MORTGAGE LLC

And the third assignment provided:

## CORRECTIVE ASSIGNMENT OF MORTGAGE
***This Assignment of being given to correct the Assignment of Mortgage recorded on 9/19/2016 as Book 1322, Page 556, in the Official Records of Columbia County, Florida***

KNOW ALL MEN BY THESE PRESENTS:

That NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, whose address is 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019, Assignor, in valuable consideration, received from or on behalf of U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT, whose address is 60 LIVINGSTON AVE, EP-MN-WS3D, ST. PAUL, MN 55107, Assignee, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto the Assignee a certain mortgage bearing the date of 08/31/2007, made by RAMOND R. ELLER SR AND WANDA GAIL ELLER in favor of BANK OF AMERICA, N.A. and recorded in Official Records Book 1129, Page 2664, Public Records of Columbia County, Florida, upon the following described place or parcel of land, situate and being in said County and State-to-wit:

LOT 1, IN BLOCK 1, GWEN LAKE ESTATES, UNIT 1, A SUBDIVISION AS A PART OF THE NORTHWEST 1/4 OF THE NORTHEAST 1/4 OF THE NORTHWEST 1/4, SECTION 31, TOWNSHIP 3 SOUTH, RANGE 17 EAST, AS PER PLAT RECORDED IN PLAT BOOK 2, AT PAGE 115, IN THE PUBLIC RECORDS OF COLUMBIA COUNTY, FLORIDA.
With a street address of 693 NW PALM DR, LAKE CITY, FL 32055.

Together with the Note and Mortgage therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage.

TO HAVE AND TO HOLD the same unto the said Assignee, its legal representatives, successors and assigns forever.

IN WITNESS WHEREOF the undersigned corporation has caused this instrument to be executed by its authorized officer.

NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER

4

Notably, the third assignment was executed about six months after U.S. Bank's previous foreclosure action against Mr. and Mrs. Dukes was dismissed with prejudice in 2018. In that case, Mr. and Mrs. Dukes argued that the first assignment showed a transfer of the note and mortgage to Nationstar, but the second assignment only showed a transfer of the mortgage to U.S. Bank. The trial court agreed, found that the second assignment failed to demonstrate that the note had also been transferred to U.S. Bank, and dismissed the action.

In January 2020, Mr. and Mrs. Dukes filed an answer to the foreclosure complaint. They argued that U.S. Bank lacked standing because it did not have possession of the note and mortgage at the time the complaint was filed and could not establish proper assignment of the note and mortgage.

In March 2023, a bench trial was held. U.S. Bank called two witnesses and introduced the three assignments into evidence without objection. Mary Davids, the corporate representative and records custodian for Bank of America, testified to the following regarding the bank's servicing records for the original note. Bank of America was notified by counsel in 2012 that they could not locate the note, and a search was conducted. Counsel was asked to see if the note had been filed with the trial court because it had been provided to previous counsel for a foreclosure action in 2010 but not returned. The note was not located, and there was no indication that the loss of the note resulted from a lawful seizure.

Darla Martin, a Rushmore employee acting as the corporative representative and records custodian for U.S. Bank, testified to the following regarding the bank's servicing records for the loan. Nationstar received the note from Bank of America. U.S. Bank bought the loan in April 2016 and received the note from Nationstar. U.S. Bank never received or had possession of the original note, only a copy. The first assignment in 2012 transferred the note from Bank of America to Nationstar by the language, "Together with the note or notes therein described." Based on the assignment, Bank of America owned the note or had the right to enforce it when the assignment was recorded.

5

When the second assignment was recorded (in September 2016), Nationstar did not own the note because U.S. Bank bought the loan in April 2016. The third assignment transferred the note to U.S. Bank by the language, "Together with the note." When the third assignment was created (in October 2018) or recorded (in November 2018), Nationstar did not own the note. Nationstar transferred the note to U.S. Bank because U.S. Bank was the owner of the loan.

In Martin's experience in the mortgage servicing industry, it was very common for assignments to be executed months, sometimes even years, after a loan had been transferred. In this case, the second assignment did not transfer the note to U.S. Bank because it did not have language to go with the note, but the third assignment did. That was one basis for doing a corrective assignment after an entity no longer owned the note.

To be entitled to enforce the note, U.S. Bank relied on the purchase of the loan and the assignments. The loss of possession of the note did not result from a transfer by U.S. Bank or a lawful seizure. U.S. Bank conducted a search for the note and used every reasonable means to locate the note, but its whereabouts could not be determined. The copy of the note accurately reflected the material terms of the loan. If U.S. Bank was later able to locate the note, it would file it with the trial court. And U.S. Bank was prepared to indemnify the Ellers against any loss.

After the bench trial, the trial court entered a final judgment against U.S. Bank. The trial court found that U.S. Bank never owned the note because Martin testified that Nationstar did not own the note at the time the assignment to U.S. Bank was made. The trial court also found that U.S. Bank did not provide any evidence that Nationstar had any right to enforce the note when it transferred the note to U.S. Bank. The trial court concluded that U.S. Bank did not prove that it derived any right of enforcement from Nationstar and thus failed to establish standing. The trial court ordered that U.S. Bank take nothing by the action and that Mr. and Mrs. Dukes go hence without day.

On appeal, U.S. Bank argues that the trial court erred in concluding that it did not have standing to foreclose. "The standard

of this court's review of the sufficiency of the evidence to prove standing to bring a foreclosure action is de novo." *Ham v. Nationstar Mortg., LLC*, 164 So. 3d 714, 717 (Fla. 1st DCA 2015). A plaintiff's standing to bring a foreclosure action must be established when the complaint is filed. *Id.* at 719.

A plaintiff has standing to foreclose if it is entitled to enforce the note under section 673.3011, Florida Statutes (2019),[2] which provides:

> **673.3011. Person entitled to enforce instrument**
>
> The term "person entitled to enforce" an instrument means:
>
> (1) The holder of the instrument;
>
> (2) A nonholder in possession of the instrument who has the rights of a holder; or
>
> (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4).[3]
>
> A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

In this case, because the original note was lost, U.S. Bank proceeded on the theory that it was an entity not in possession of the note that was entitled to enforce the note under section 673.3091, Florida Statutes (2019), which provides:

---

[2] Article 3 of the Uniform Commercial Code--Negotiable Instruments was codified in Chapter 673, Florida Statutes.

[3] Section 673.4181(4), Florida Statutes (2019), involves dishonored instruments, which were paid or accepted by mistake, and does not apply here.

7

**673.3091. Enforcement of lost, destroyed, or stolen instrument**

(1) A person not in possession of an instrument is entitled to enforce the instrument if:

(a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;

(b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and

(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(2) A person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, s. 673.3081[4] applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument.

---

[4] Section 673.3081(1), Florida Statutes (2019), provides that "each signature on the instrument is admitted unless specifically denied in the pleadings." The validity of Mr. Eller's signature on the note is not at issue.

8

Adequate protection may be provided by any reasonable means.[5]

Here, the first assignment transferred the note and mortgage from Bank of America to Nationstar in 2012. Mr. and Mrs. Dukes conceded that in U.S. Bank's previous foreclosure action against them. The second assignment failed to mention the note and transferred only the mortgage from Nationstar to U.S. Bank in 2016. *See Forty One Yellow, LLC v. Escalona*, 305 So. 3d 782, 787–88 (Fla. 2d DCA 2020) (citing several cases holding that the plaintiff failed to prove standing to enforce the note when the assignment did not purport to transfer the note, only the mortgage). And Mr. and Mrs. Dukes obtained a dismissal of the previous foreclosure action on that basis. *See Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 311–12 (Fla. 2d DCA 2013) (applying the general principle that a plaintiff's lack of standing is not a defect that may be cured after the case is filed); *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 175 (Fla. 4th DCA 2012) (explaining that if the evidence shows that the plaintiff did not have standing at the time the complaint was filed, the trial court should dismiss the case and the plaintiff must file a new complaint).

The third assignment corrected the defect in the second and transferred the note and mortgage from Nationstar to U.S. Bank in 2018, several months before this case was filed. Contrary to the trial court's findings, Martin's testimony did not establish that Nationstar never owned the note. Instead, she testified that the second and third assignments were created and recorded after Nationstar sold the loan to U.S. Bank in April 2016, and it was common for assignments to be created months or years after a loan was transferred. Mr. and Mrs. Dukes presented no evidence to the contrary.

U.S. Bank therefore established that it was entitled to enforce the note under section 673.3091 and had standing to bring this

---

[5] Section 702.11, Florida Statutes (2019), addresses adequate protections for lost, destroyed, or stolen notes in mortgage foreclosure cases.

action. U.S. Bank presented uncontroverted evidence that the loan originated with Bank of America in 2007, the original note was lost in 2010 when Bank of America still owned it, Bank of America transferred the note to Nationstar in 2012, and Nationstar transferred the note to U.S. Bank in 2018. By acquiring ownership of the note from Nationstar in 2018, U.S. Bank indirectly acquired ownership of the note from Bank of America, which was entitled to enforce the note when the loss of possession occurred in 2010. *See* § 673.3091(1)(a), Fla. Stat. (2019).

U.S. Bank also presented uncontroverted evidence that the loss of possession of the note was not the result of a transfer or lawful seizure, it could not reasonably obtain possession of the note because the note's whereabouts could not be determined, and it would indemnify the Ellers against any loss. *See* §§ 673.3091(1)(b), (1)(c) & (2), Fla. Stat. (2019).

We therefore REVERSE and REMAND for entry of a final judgment in favor of U.S. Bank.

RAY and KELSEY, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Richard S. McIver of Kass Shuler, P.A., Tampa, for Appellant.

Kris B. Robinson of Robinson Kennon & Kendron, P.A., Lake City, for Appellees.